```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KENYATTA OMAR BLAYLOCK | : | CIVIL ACTION |
| v. | : | |
| VINCENT GUARINI, et al. | : | NO. 09-3638 |

MEMORANDUM

Bartle, C.J.                                                          May 2, 2011

        Plaintiff Kenyatta Omar Blaylock ("Blaylock") filed this action for violation of his civil rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, against Lancaster County Prison Warden Vincent Guarini ("Guarini"), a John Doe kitchen supervisor, and two John Doe correctional officers. Before the court is the motion of Blaylock to amend the complaint to identify the John Doe defendants under Rule 15(c)(1) of the Federal Rules of Civil Procedure.

        The events that form the basis of Blaylock's complaint occurred in September of 2008 and therefore the two-year statute of limitations has now expired. 42 Pa. Con. Stat. Ann. § 5524; see also Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Under these circumstances, a plaintiff may amend his complaint only if the amendment relates back to the original pleading. Fed. R. Civ. P. 15(c). To relate back, the amendment must satisfy three requirements. First, the amendment must arise out of the same conduct or occurrence as the claim against the original defendant. Fed. R. Civ. P. 15(c)(1)(B). Second, any new

defendant must have, within 120 days after the complaint was filed, "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C) & (c)(1)(C)(i). Finally, any newly-named defendant must have known or should have reasonably known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

Defendant John Doe correctional officers Kenly Bazile and Timothy Roth have filed a brief in opposition to the motion of Blaylock to amend. They do not dispute that Blaylock's claims against them arise out of the same conduct or occurrence as those against Guarini. This satisfies the first requirement of Rule 15(c).

Notice, which is also required under Rule 15(c)(1), may be imputed to a newly-named defendant where: (1) the newly-named defendant and original defendant are represented by the same counsel; or (2) the newly-named defendant is related to the original defendant such that they share an identity of interest. Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 196-200 (3d Cir. 2001). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. at 197 (citing 6A Charles A. Wright et al., Federal Practice And Procedure § 1499, at 146 (2d ed. 1990)). While non-management employees are not usually deemed to have a sufficient nexus of

interest with their employers such that notice may be imputed, defense counsel here made her initial appearance on behalf of both Guarini and the two John Doe correctional officers. Id. at 199; see also Docket No. 9. As a result, these correctional officers, Bazile and Roth, were on constructive notice regarding the suit through their shared attorney and will not be prejudiced if the complaint is amended to name them as defendants. See Singletary, 266 F.3d at 196-200.

The amendment of a complaint to substitute the actual name of a John Doe defendant constitutes a "mistake concerning the proper party's identity." See id. at 200 (citing Varlack v. SWC Carribean, Inc., 550 F.2d 171, 175 (3d Cir. 1997)). Thus, the third and last requirement for relation back is met as to Bazile and Roth. See Fed. R. Civ. P. 15(c)(1)(C)(ii).

The amendment of the complaint to name Andy Proto in place of the John Doe kitchen supervisor is a different matter. Defense counsel never made an appearance on behalf of this John Doe defendant or on behalf of Proto. Because notice cannot be imputed to Proto through a shared attorney, we must determine whether he has a sufficient identity of interest with Guarini so as to demonstrate his constructive notice of the complaint. In an affidavit submitted in support of Guarini's motion for summary judgment, the Associate Warden of Lancaster County Prison asserts that "Aramark, through their dietician, was responsible for determining the dietary needs of the inmates" at the prison. It is unclear whether Proto is employed by Lancaster County Prison

or by Aramark, an independent contractor.  Plaintiff has not shown that Proto shares a "sufficient nexus of interests" with Guarini so that notice to Guarini may be imputed to Proto.  See Singletary, 266 F.3d at 200.

Accordingly, the motion of plaintiff to amend the complaint will be granted insofar as he seeks to name Bazile and Roth as defendants but will be denied insofar as plaintiff seeks to include Proto as a defendant.