```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KENYATTA OMAR BLAYLOCK | : | CIVIL ACTION |
| v. | : | |
| VINCENT GUARINI, et al. | : | NO. 09-3638 |

MEMORANDUM

Bartle, C.J.                                                May 4, 2011

  Plaintiff Kenyatta Omar Blaylock ("Blaylock") brings this action pro se against Lancaster County Prison Warden Vincent Guarini ("Guarini) and Correctional Officers Kenly Bazile and Timothy Roth for violation of his civil rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc.  Before the court is the motion of defendant Guarini for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

I.

  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  After reviewing the evidence, the court makes all

reasonable inferences from the evidence in the light most favorable to the non-movant. <u>In re Flat Glass Antitrust Litig.</u>, 385 F.3d 350, 357 (3d Cir. 2004).

## II.

The following facts are undisputed or viewed in the light most favorable to Blaylock, the non-moving party. Blaylock was incarcerated at Lancaster County Prison from April 3, 2008 through November 1, 2009. In August of 2009, Blaylock filed a complaint against Guarini. He also named as defendants a John Doe prison kitchen supervisor and two John Doe correctional officers. We have since allowed Blaylock to amend his complaint to name the two correctional officers, Kenly Bazile and Timothy Roth, as defendants in place of the two John Doe officers.

Blaylock asserts that, as a Muslim, his right to the free exercise of religion was violated during his time at the prison. According to Blaylock, he did not receive an adequate amount of food at the evening meal to break the fast during Ramadan. He also asserts that the prison served to Muslim inmates cereal bars which contained pork products. Blaylock discussed the cereal bars with kitchen staff. Although the staff assured him that they would not continue to serve the offending cereal bars, the same bars were served the next day. Blaylock did not actually eat these breakfast bars.

Blaylock also alleges that the prison threatened to cancel certain religious services during Ramadan because inmates were not participating in nightly prayers. Additionally, the

prison shortened weekly Juma'ah services by thirty minutes "for no particular reason."

Blaylock contends that he was forced to choose between visitation and receiving food several times, when his girlfriend arrived for visitation while the evening meal was being served during Ramadan.[1]  Blaylock seeks compensatory and punitive damages, injunctive relief, and a declaratory judgment.

III.

We begin with Blaylock's claims for injunctive and declaratory relief under § 1983 and the RLUIPA for violation of his right to the free exercise of religion.  Blaylock is now incarcerated at the State Correctional Institution ("SCI") at Forest in Marienvile, Pennsylvania.  Because he is no longer an inmate at the Lancaster County facility, his claims for injunctive and declaratory relief are moot.  See, e.g., Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993).

We next turn to Blaylock's claims for monetary relief under § 1983 and the RLUIPA.  The RLUIPA provides that:

> No government shall impose a substantial
> burden on the religious exercise of a person
> residing in or confined to an institution ...
> unless the government demonstrates that
> imposition of the burden on that person ...
> (1) is in furtherance of a compelling
> governmental interest; and (2) is the least

---

1.  Blaylock also maintains that he witnessed two Muslim inmates receive discipline for trading food, while other inmates went unpunished.  Because Blaylock does not have standing to assert claims on behalf of other inmates, we will disregard this allegation.  Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

restrictive means of furthering that
compelling governmental interest.

42 U.S.C. § 2000cc-1. The Supreme Court recently held that claims for monetary relief under the RLUIPA are barred by sovereign immunity. See Sossamon v. Texas, No. 08-1438, slip op. at 1 (U.S. Apr. 20, 2011). The motion of defendant Guarini for summary judgment will be granted to the extent that Blaylock seeks monetary relief under the RLUIPA.

Blaylock also seeks compensatory and punitive damages under § 1983 for the alleged violation of his First Amendment right to the free exercise of religion. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

It is well-established that liability in a § 1983 action "cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Instead, a "supervisor may be personally liable [under § 1983] ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

In the complaint, Blaylock asserts that Guarini is "legally responsible for Lancaster Prison and for [the] welfare of all inmates" and that Guarini is a "Deliberately Indifferent Supervisor." Blaylock also alleges that he submitted grievances to Guarini regarding the amount of food he received for evening meals during Ramadan, the cereal bars which contained pork products, and his issues regarding visitation. The complaint is otherwise devoid of allegations related to Guarini.

In sum, Blaylock has not produced any evidence which demonstrates that Guarini participated in the alleged misconduct or directed the other defendants to violate Blaylock's rights. See A.M., 372 F.3d at 586. The fact that Guarini received Blaylock's grievances and failed to respond is insufficient to establish supervisory liability. See Miles v. Aramark Corr. Serv. at Curran Fromhold Corr. Facility, 236 Fed. App'x 746, 751 (3d Cir. 2007); Davis v. Williams, 572 F. Supp. 2d 498, 506-07 (D. Del. 2008). More than mere "linkage in the prison chain of command" is required to establish supervisory liability. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

Accordingly, we will grant the motion of Guarini for

summary judgment with respect to Blaylock's claim for money damages under § 1983.[2]

---

2. In his complaint, Blaylock asserts claims against Guarini both "individually and in his official capacity." A suit against Guarini in his official capacity is tantamount to a suit against Lancaster County Prison. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). However, Blaylock has not produced any evidence of a prison custom or policy "'so permanent and well settled' as to virtually constitute law" as required for liability to attach to the prison. Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978)). Accordingly, we will also grant summary judgment to Guarini insofar as Blaylock alleges claims against him in an official capacity.